UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO:    15-012 |
| GREGORY DENSON | SECTION: "J" |

ORDER

Before the Court is a **Motion to Quash Defendant's Subpoenas Duces Tecum (R. Doc. 288)** filed by the United States of America seeking an order from the Court to quash Defendant Gregory Denson's ("Defendant") subpoenas *duces tecum* issued to six potential government witnesses. The motion is opposed. R. Doc. 296. The motion was submitted on November 2, 2016 at 11:30 A.M. For the following reasons, the motion is **GRANTED.**

I.   Background

The Government alleges that the Defendant led and controlled a violent home invasion/burglary ring in Central City New Orleans between June 2013 and May 2014. R. Doc. 288-1, p. 2. The Government further alleges that during the course of the conspiracy the Defendant and his crew committed armed and violent home invasions of individuals suspected by the Defendant to be drug dealers in order to obtain money, drugs, and personal property. *Id.* Further, the Government states that during the home invasions victims were assaulted, tied up, threatened, and, in at least one instance, shot. *Id*. Finally, during the conspiracy, a member of the Defendant's crew was arrested. Fearing the crewmember's cooperation with law enforcement, the Defendant allegedly bonded that crewmember out of jail, murdered him, then disposed of the body with help from other crew members in the Industrial Canal. *Id.*

On October 19, 2016, a total of six subpoenas were issued at the Defendant's request to the Sheriffs of St. Charles, St. Tammany, and Tangipahoa Parishes for all telephone calls made by Joe

1

Lee Miller, Quincy Jones, Corey Denson, Clarence Singleton, Annette Robinson, and Bridget Miles since January 28, 2015. R. Doc. 283. These six individuals ("the potential witnesses") are six potential government witnesses who were also indicted in the instant criminal action. Those subpoenas were issued on October 20, 2016 with a return date of November 3, 2016. R. Doc. 285. The Government believes that these subpoenas are improper and have filed the instant motion to quash and a motion to expedite. R. Docs. 288-89. On October 26, 2016, the Court granted the motion to expedite and set the motion for submission on November 2, 2016. R. Doc. 290.

In particular, the Government argues that the subpoenas should be quashed because subpoenas are improper under Criminal Rule of Procedure 17(c) as interpreted by *United States v. Nixon*, 418 U.S. 683 (1974). R. Doc. 288-1, p. 1. The Government avers that the subpoenas are an improper fishing expedition and, to the extent that the subpoenas have specific information in mind, seek only impeachment evidence which is not properly sought under Rule 17(c). R. Doc. 288-1, p. 7-8. The Government also raises concerns about the safety of the potential witnesses if the subpoena is not quashed given that the Defendant has been charged with killing one co-conspirator already. *Id.* at p. 9.

In response, the Defendants argue that subpoenas are not a fishing expedition, but seek information and evidence that could demonstrate *Brady* or *Gigilio* violations or tend to question the credibility of the potential witnesses. R. Doc. 296. Moreover, the Defendants argue that there is no potential danger to the potential witnesses because the Defendant is already aware of the potential witnesses' cooperation and has not taken any action against the witnesses or their families. *Id.* at p. 9.

## II.   Standard of Review

Criminal Rule of Procedure 17(c)(1)-(2) provides: "[a] subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. . . .[T]he Court may quash or modify the subpoena if compliance would be unreasonable or oppressive." Rule 17(c) is "not intended to provide a means of discovery for criminal cases." *United States v. Nixon*, 418 U.S. 683, 698 (1974). Regardless of who files the motion to quash, the Court has an independent obligation under Rule 17 to assess each subpoena. *United States v. Dominick*, No. 15-289, 2016 WL 1408558, at *6 (E.D. La. Apr. 11, 2016) (citing *United States v. Richardson*, No. 13-086, 2014 WL 6475344, at *2 (E.D. La. Nov. 18, 2014)).

To determine if a subpoena is "unreasonable or oppressive," the Supreme Court in *Nixon* stated that:

> the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

418 U.S. at 699-700 (footnote omitted) (citing *United States v. Iozia*, 13 F.R.D. 335, 338 (S.D.N.Y. 1952)). Moreover, the party issuing the subpoena must establish "'(1) the subpoenaed document is relevant, (2) it is admissible, and (3) that it has been requested with adequate specificity.'" *United States v. Butler,* 429 F.3d 140, 149 (5th Cir. 2005) (quoting *United States v. Loe*, 248 F.3d 449, 466 (5th Cir. 2001)).

## III.   Analysis

The Government has filed the instant motion to quash subpoenas *duces tecum* issued the Sheriffs of St. Charles, St. Tammany, and Tangipahoa Parishes for recordings of all jail telephone calls since January 28, 2015 of six of the Government's potential witnesses. R. Doc. 288. In

3

particular, the Government argues that the subpoenas do not meet the *Nixon* standard because the Defendant has not demonstrated that the subpoenas seek relevant or specific evidence. R. Doc. 288-1, p. 7. Because of this, the Government avers that the subpoenas are fishing expeditions that the *Nixon* Court sought to avoid. *Id.* Moreover, the Government argues that the Defendant cannot seek impeachment evidence from the subpoenas under Rule 17. *Id.* at p. 8.

In turn, the Defendant argues that the subpoenas are as specific as possible without having heard the telephone recordings. R. Doc. 296, p. 3. Additionally, the Defendant argues that other cases demonstrate that these recordings often reveal *Brady* or *Giglio* material or contain evidence that tends to undercut the credibility of the witnesses. The Defendant states that he has met the *Nixon* standards, arguing that: the records are relevant; the defendant has no other way to obtain the information; the records are necessary to prepare for trial; and that the request was made in good faith and not as a fishing expedition. *Id.* at p. 5. The Defendant also raises the concern that the Government appears to have ready access to the information requested compared to the Defendant who must seek the evidence through a Court-ordered subpoena. *Id.*

A lengthy analysis under *Nixon* is unnecessary. The Defendant acknowledges that these subpoenas seek primarily—if not only—impeachment evidence. R. Doc. 296, p. 5 ("Simply put, the issue for the defense is: what did the cooperators say to their close associates that reveals the influence of the government plea negotiations and offers?"). However, "[g]enerally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial." *Nixon*, 418 U.S. at 701-02; *United States v. Hughes*, 895 F.2d 1135, 1146 (6th Cir. 1990) (finding Rule 17(c) did not require production of documents merely for impeachment purposes); *United States v. Fields*, 663 F.2d 880, 881 (9th Cir. 1981) ("The only evidentiary use that defendants have been able to advance is that the statements and transcribed interviews of witnesses could be used for

4

impeachment purposes. This use is generally insufficient to justify the pretrial production of documents. . .and we see no basis for using a lesser evidentiary standard merely because production is sought from a third party rather than from the United States."). Moreover, the Defendant has not identified any other "other valid potential evidentiary uses" that would overcome this general rule denying production of impeachment evidence. *Nixon*, 418 U.S. at 702. As such, the Defendant has not demonstrated the required evidentiary and relevant nature of the recordings sought.

Finally, the Court also notes that to the extent the Defendant also raises concerns that prior cases demonstrate that such jail recordings may contain *Brady* or *Giglio* information, the Defendant has demonstrated that these jail recordings will contain such information beyond mere speculation such that the request is likely a fishing expedition. Moreover, as the Defendant acknowledges (R. Doc. 296, p. 8), "the government does have obligations under *Brady* and *Giglio* to disclose material exculpatory and impeachment information and to disclose prior witness statements and reports in its possession under 18 U.S.C. § 3500." *United States v. Rivera*, No. 13-149, 2015 WL 1540517, at *13-14 (E.D.N.Y. Apr. 7, 2015). The Court has no reason to believe that the Government has not been faithful to these obligations at this time.

Therefore, for the foregoing reasons, the Court will grant the Government's motion to quash.[1]

---

[1] The Defendant also cites *United States v. Hernandez* for the proposition that courts allow Rule 17(c) to request jail telephone call recordings; however, the Court in *Hernandez* did not apply the *Nixon* factors but merely suggested in dicta that Rule 17 would be the proper vehicle for the Defendant's request rather than requiring production from the Government under the Jencks Act. *United States v. Hernandez*, No. 13-190, 2012 WL 5945077, at *3 (N.D. Tex. Nov. 28, 2012).

## IV. Conclusion

**IT IS ORDERED** that the United States of America's **Motion to Quash Defendant's Subpoenas Duces Tecum (R. Doc. 288)** is **GRANTED.**

**IT IS FURTHER ORDERED** that the subpoenas for the recordings of the jail telephone calls of Joe Lee Miller (R. Doc. 285), Quincy Jynes (R. Doc. 285-1), Corey Denson (R. Doc. 285-2), Annette Robinson (R. Doc. 285-3), Bridget Marie Miles (R. Doc. 285-4), and Clarence R. Singleton (R. Doc. 285-5) are **QUASHED.**

New Orleans, Louisiana, this 2nd day of November 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**