UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                      CRIMINAL ACTION

VERSUS                                         NO: 15-12

GREGORY DENSON
                                               SECTION: "J"(4)

**ORDER AND REASONS**

Before the Court is a *Motion to Suppress and Motion for Franks Evidentiary Hearing* **(Rec. Doc. 353)** filed by Defendant Gregory Denson ("Defendant"), an opposition thereto (Rec. Doc. 358) filed by the United States of America ("Government"), a *Motion to Strike Pleading in Opposition* (Rec. Doc. 360) which the Court construed as a sur-reply filed by Defendant, another sur-reply filed by Defendant (Rec. Doc. 361), and a sur-reply filed by the Government (Rec. Doc. 370). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

**FACTS AND PROCEDURAL BACKGROUND**

On January 23, 2015, Defendant and six co-defendants were indicted in a multi-count conspiracy. (Rec. Doc. 1.) The Government alleges that Defendant was the ring leader of a crew that committed multiple armed and violent home invasions of individuals they suspected to be drug dealers. (Rec. Doc. 311 at 3.) The Government further alleges that one of the crew members

1

was caught and arrested during an attempted home invasion. *Id.* Defendant is charged with bonding that crew member out of jail, killing him, and having his crew assist in dumping the body into the Industrial Canal. *Id.*

The instant motion arises out of a search of Defendant's home. On May 6, 2014, a Louisiana state trooper ("trooper" or "affiant") presented an application for a search warrant in a sworn affidavit to a magistrate judge ("magistrate") in the Orleans Parish Criminal District Court. (Rec. Doc. 353-2 at 2.) The affidavit requested a warrant to seize: "Any and all items that were taken in residential burglaries to include but not limited to TV's, X-boxes, jewelry, coins, passports, Sony video game systems and laptop computers." *Id*. The affidavit also requested the warrant to search the property to seize items that had been used in the burglaries. *Id*. The affidavit includes five separate paragraphs, each referencing a different confidential informant ("CI"), and detailing the information provided by each CI. Although the affidavit states that each CI provided information that was slightly different, the information provided by all CIs was consistent. All five CIs provided information about Defendant's participation in multiple burglaries. Two of the CIs, including a CI ("CI-1") who the affidavit states was a reliable informant who had provided information in the past, informed law enforcement that items from the burglaries were located in Defendant's home.

2

The magistrate issued the search warrant, and the warrant was executed the same day. (Rec. Doc. 353-2 at 1; Rec Doc. 353-3 at 1.) The search yielded four televisions, an X-box, $10,000 in cash, a purse, and jewelry. (Rec. Doc. 353-3 at 1.) Defendant filed the instant motion requesting that the Court suppress the evidence obtained during the search. (Rec. Doc. 353.) Defendant also requests an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). On March 23, 2017, the Court heard oral argument on the matter. The Court denied Defendant's motion to suppress and request for a *Franks* hearing in open Court, and advised the parties that it would issue written reasons.

## **PARTIES' ARGUMENTS**

Defendant makes two arguments in favor of suppression. First, Defendant argues that the affidavit presented to the magistrate is hopelessly tainted by intentional misrepresentations and omissions. In particular, Defendant argues that the affidavit falsely states that two of the CIs provided the affiant with the location of other items that had been stolen by Defendant. These statements, argues Defendant, are misleading because no evidence exists to support the statement that the recovered items were connected to Defendant. Second, Defendant argues that the affidavit is so bare bones that it fails to establish probable cause.

The Government argues that Defendant failed to meet his burden of demonstrating that the statements in the affidavit are untruthful or that the affiant made the statements with the intent to mislead the magistrate. The Government argues that, considering the totality of the circumstances, the affidavit created probable cause for the search because it relied upon the information provided by CI-1, who had provided information to the Government in the past, and was reinforced by four other CIs (CI-2 through CI-5) who provided corroborating information. Further, the Government avers that there is nothing fundamentally false or inaccurate about the affidavit's reference to CI-2 and CI-5 because both CIs had, in fact, provided information that led to the recovery of items pursuant to search warrants prior to the affidavit being created.

## LEGAL STANDARD

### I. Motion to Suppress

In a motion to suppress, the defendant bears the burden of making specific factual allegations of illegality, producing evidence, and persuading the court that evidence should be suppressed. *United States v. John Rockwell*, No. 07-128, 2007 WL 2122432, at *1 (E.D. La. July 19, 2007) (citing *United States v. Evans*, 572 F.2d 455, 486 (5th Cir. 1978)). The Fifth Circuit utilizes a two-step process to evaluate a defendant's motion to suppress when a search warrant is involved. First, the court must

4

decide whether the *Leon* good faith exception to the exclusionary rule applies. *United States v. Moore*, 805 F.3d 590, 593 (5th Cir. 2015) (citing *United States v. Cherna*, 184 F.3d 403, 407 (5th Cir. 1999)). The *Leon* good faith exception provides that evidence is admissible when it is obtained by law enforcement officials acting in objectively reasonable good faith reliance upon a search warrant, even if the affidavit on which the warrant was based was insufficient to establish probable cause. *United States v. Leon*, 468 U.S. 897, 922-23 (1984); *United States v. Craig*, 861 F.2d 818, 821 (5th Cir. 1988). "'[A] warrant issued by a magistrate normally suffices to establish' that a law enforcement officer has 'acted in good faith in conducting the search.'" *Leon*, 468 U.S. at 922 (citing *United States v. Ross*, 456 U.S. 798, 823 n.32 (1982)).

The court's analysis ends if the good faith exception applies. *Moore*, 805 F.3d at 593. If the good faith exception does not apply, then the court proceeds to the second step and determines "whether the affidavit established probable cause that the evidence to be seized would be found in the place to be searched, justifying the issuance of the warrant." *Id.* (citing *United States v. Aguirre*, 664 F.3d 606, 613-14 (5th Cir. 2011)); *see also United States v. Froman*, 355 F.3d 882, 888 (5th Cir. 2004). "Probable cause may be established through 'direct observation' or 'normal inferences as to where the articles sought would be located.'"

5

*Moore*, 805 F.3d at 593 (citing *United States v. Freeman*, 685 F.2d 942, 949 (5th Cir. 1982)).

**II.   *Franks* Hearing**

A *Franks* hearing is an evidentiary hearing conducted to determine the veracity of an affidavit used to obtain a search warrant. *United States v. Richardson*, 478 F. App'x 82, 84 n.1 (5th Cir. 2012). The affidavit supporting a search warrant enjoys a "presumption of validity." *Franks v. Delaware*, 438 U.S. 154, 171 (1978). Therefore, a defendant is only entitled to a *Franks* hearing upon making a "substantial preliminary showing," *Id*. at 155, that "(1) allegations in a supporting affidavit were deliberate falsehoods or made with a reckless disregard for the truth, and (2) the remaining portion of the affidavit is not sufficient to support a finding of probable cause." *United States v. Mays*, 466 F.3d 335, 343 (5th Cir. 2006). When demonstrating the first prong, the showing "must be more than conclusory." *Id*. at 171. A defendant has not met the *Franks* standard "in instances where police have been merely negligent in checking or recording the facts relevant to a probable-cause determination. *Franks*, 438 U.S. at 170. Even if the first prong is met, the Court "excis[es] the offensive language from the affidavit and determine[s] whether the remaining portion would have established probable cause." *United States v. Cavazos*, 288 F.3d 706, 710 (5th Cir. 2002). If the Court determines that the affidavit would have established

6

probable cause without the excised portion, then the defendant is not entitled to a *Franks* hearing. *Id*. This second prong "is often determinative." *United States v. Brown*, 298 F.3d 392, 395 (5th Cir. 2002).

## **DISCUSSION**

The *Leon* good faith exception applies unless one of the following four scenarios is present:

> (1) the issuing-judge "was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth"; (2) the issuing-judge "wholly abandoned his judicial role" in such a manner that "no reasonably well trained officer should rely on the warrant"; (3) the underlying affidavit is "bare bones" ("so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"); or (4) the warrant is "so facially deficient . . . that the executing officers cannot reasonably presume it to be valid[.]"

*Mays*, 466 F.3d at 343 (quoting *United States v. Gibbs*, 421 F.3d 352, 358 (5th Cir. 2005)). Here, Defendant argues that the search at issue suffers from two of these defects and that *Leon*'s good faith exception should not be applied. First, Defendant argues that the magistrate was misled by information in the affidavit that the affiant knew to be false or would have known to be false except for his reckless disregard of the truth. Second, Defendant argues that the affidavit is a bare bones affidavit. For the reasons described below, the Court finds neither argument availing.

7

**The Magistrate Was Not Misled by Information in the Affidavit**

Defendant's argument that the magistrate was misled revolves around the affidavit's reference to two of the CIs. The first is a statement in the affidavit regarding CI-2: "CI-2 stated that [Defendant] burglarized homes in his neighborhood and sold the TV's, which CI-2 provided a location where one TV was recovered by your affiant." (Rec. Doc. 353-2 at 2.) The second statement refers to CI-5: "CI-5 provided the location of other items stolen by [Defendant], which have been recovered by affiant." *Id*. at 3. Defendant argues that there is no evidence to support the veracity of these two statements. In fact, Defendant argues that there is no evidence whatsoever that Defendant committed previous burglaries or that CI-2 or CI-5 provided the trooper with credible information regarding said burglaries in the past. (Rec. Doc. 353-1 at 10-11.) Therefore, Defendant alleges that the affidavit should have included a statement advising the magistrate that no evidence existed at the time to verify that the property recovered from the tips of CI-2 and CI-5 was stolen by Defendant. *Id*. at 14. Defendant argues that the trooper's failure to include this warning was a willful omission designed to mislead the magistrate so that he would erroneously conclude that CI-2 and CI-5 were reliable informants. Thus, Defendant argues that the Government cannot use evidence obtained through execution of the search

8

warrant to create post-hoc confirmation of CI-2 and CI-5's reliability.

There is no dispute that CI-2 and CI-5 provided law enforcement with items they reported to have been stolen by Defendant before the trooper presented the affidavit to the magistrate. The issue is whether the trooper knew enough information about the items obtained through CI-2 and CI-5 at the time he signed the affidavit to justify stating that they were actually stolen by Defendant. Defendant argues that, even to this day, no evidence (such as a police report or complaint, item number, or photograph) exists to suggest the items were stolen.

Even if there is no evidence that Defendant stole the items recovered from CI-2 and CI-5, Defendant has failed to meet his burden to justify suppression or a *Franks* hearing. The *Franks* standard requires the movant to demonstrate that the affiant misled the magistrate either intentionally or with reckless disregard for the truth. *See Franks*, 438 U.S. at 170; *United States v. Thomas*, 627 F.3d 146, 159 (5th Cir. 2010) (finding that the defendant was not entitled to a *Franks* hearing when he did not prove that the inaccuracies in the affidavit were intentional). Defendant provides no evidence to support the accusation that the trooper willfully misled the magistrate, and there is no reason for the Court to reach such a conclusion. Although the affidavit would have benefitted from more clarity as to the likelihood that the

9

items obtained through CI-2 and CI-5 were stolen by Defendant, nothing in the affidavit itself suggests deception on the part of the trooper. "Affidavits are normally drafted by nonlawyers in the midst or haste of a criminal investigation." *Garris v. Rowland*, 678 F.2d 1264, 1273 (5th Cir. 1982) (quoting *United States v. Ventresca*, 380 U.S. 102, 108 (1965)). The trooper here cannot be expected to have included in the affidavit detailed proof that the items obtained through information of a confidential informant were stolen by Defendant, especially in the middle of an active investigation. For these reasons, Defendant has failed to make the necessary showing for an evidentiary hearing under *Franks*. Furthermore, Defendant has not demonstrated that the trooper intentionally or with reckless disregard for the truth misled the magistrate, and the Court will not abandon the *Leon* good faith exception on this ground. *See United States v. Arispe*, 328 F. App'x 905, 908 (5th Cir. 2009) (denying the defendant's motion for a *Franks* hearing and motion to suppress because the defendant failed to show that the affiant intentionally or with reckless disregard for the truth omitted information in the affidavit).

**The Affidavit Establishes Probable Cause After Excising References to CI-2 and CI-5**

Even if Defendant had made a substantial preliminary showing that the trooper acted willfully or with disregard for the truth in misleading the magistrate, the affidavit still establishes

10

probable cause after those statements are stricken. Without any reference to CI-2 and CI-5, the affidavit relies principally on the strength of CI-1. The affidavit states that CI-1 was a reliable informant who had provided information in the past. The affidavit then states that CI-1 told law enforcement that Defendant had stolen items from different residences and kept some of the items in his house. In addition, the affidavit supplements the statements made by CI-1 by referring to two other CIs (CI-3 and CI-4) who corroborated and mutually reinforced the statements of CI-1.

When an affidavit is based on information supplied by a confidential informant, the court examines the credibility of the informant based on the totality of the circumstances. *United States v. McCray*, 354 F. App'x 205, 206 (5th Cir. 2009); *see also United States v. Fisher*, 22 F.3d 574, 578 (5th Cir. 1994). "Veracity, reliability, and the informant's basis of knowledge are 'highly relevant' to this inquiry." *United States v. Norsworthy*, 654 F. Supp. 2d 581, 591 (S.D. Tex. 2009) (quoting *Illinois v. Gates*, 462 U.S. 213, 230 (1983)). Here, the affidavit states that CI-1 was a reliable informant who had provided information in the past, which neither party disputes. This strengthens the affidavit because "an informant [who] is right about some things [] is more probably right about other facts." *Gates*, 462 U.S. at 244; *See also United States v. Laury*, 985 F.2d 1293, 1312 (5th Cir. 1993)

11

("The veracity of an informant is often assessed from the accuracy of previous tips."); *McCray*, 354 F. App'x at 206 ("Detective Murphy's assertion that the informant had provided information in the past that proved to be true, reliable, and correct sufficiently established the informant's veracity.") The affidavit also supports and reinforces the reference to CI-1 by providing information from two other CIs, both of whom identified Defendant as a burglar and provided other information consistent with that provided by CI-1. *See McCray*, 354 F. App'x at 206-07.

The affidavit also includes details that would allow a magistrate to determine that the informants had a sufficient basis of knowledge. *See United States v. McKnight*, 953 F.2d 898, 905 (5th Cir. 1992). An informant's basis of knowledge "can be established by a particularly detailed tip." *United States v. Jackson*, 818 F.2d 345, 349 (5th Cir. 1987). Here, CI-1 identified Defendant using two of his nicknames and identified Defendant's home address. CI-1 also informed law enforcement that some of the stolen items were in plain view inside Defendant's house and other items were hidden. This information suggests that CI-1 had been inside Defendant's home. The affidavit also states that CI-4 provided "insider information about the victim[s'] residences" and further states that Defendant would often utilize firearms, dreadlock wigs, black pull over hats, and zip ties to commit the

12

burglaries. This detailed knowledge demonstrates a basis of knowledge. *See Laury*, 985 F.2d at 1313.

This affidavit is significantly strengthened by the fact that it refers to three separate CIs who each provided information consistent with each other. In aggregate, this affidavit established probable cause even after striking the references to CI-2 and CI-5. Therefore, Defendant has not met the second requirement of the *Franks* standard and is not entitled to a hearing. Additionally, the affidavit is not bare bones (even after excising the statements about CI-2 and CI-5), and the *Leon* good faith exception is not abandoned on this ground.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's motion to suppress and motion for a *Franks* evidentiary hearing **(Rec. Doc. 353)** is **DENIED**.

New Orleans, Louisiana, this 5th day of April, 2017.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE